UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**Jeff Wayne Frye,**

    Plaintiff,

v.

**Minnesota Department of Corrections, et al.,**

    Defendants.

Civil No. 05-1327 (JNE-JJG)

**REPORT
AND
RECOMMENDATION**

The above matter came before the undersigned on plaintiff Jeff Frye's motions for a temporary restraining order, or in the alternative, a preliminary injunction (Doc. Nos. 6, 15). This motion is referred to this Court for a Report and Recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1(c).

Mr. Frye (Frye), who is incarcerated at the state prison in Moose Lake, seeks to enjoin several forms of allegedly unlawful action by the defendants. According to Frye, when he filed complaints and grievances with prison officials, the defendants engaged in retaliatory conduct. He also asserts that medical staff provided inadequate treatment and withheld needed pain medications. In addition, Frye generally demands that the defendants comply with the Constitution and with the requirements of due process.

A temporary restraining order is granted, as an extraordinary measure, under circumstances where no notice is given to adverse parties. *See* Fed. R. Civ. P. 65(b). By an order on December 23, 2005, this Court directed the defendants to respond to Frye's motion. Because submissions have been received from both sides, this Court may properly treat Frye's motion as one for a preliminary injunction. *See CVI/Beta Ventures, Inc. v. Custom Optical Frames, Inc.*, 859 F.Supp. 945, 948 (D.Md. 1994); *Onan Corp. v.*

*United States*, 476 F.Supp. 428, 433 n. 1 (D.Minn. 1979).  A court may deny a motion for a preliminary injunction without a hearing, after taking all reasonable inferences from the submissions that favor the moving party, when the motion fails as a matter of law.  *Cf. United Healthcare Ins. Co. v. AdvancePCS*, 316 F.3d 737, 745 (8th Cir. 2002).

In order to issue a preliminary injunction, a court must describe in specific detail the acts that are to be enjoined.  Fed. R. Civ. P. 65(d).  This detail is required to prevent uncertainty and to give fair notice of the acts that are forbidden.  *Daniels v. Woodbury County*, 742 F.2d 1128, 1134 (8th Cir. 1984) (citing *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974)).  Thus a preliminary injunction cannot simply direct compliance with the law.  *Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031, 1034 & n. 1 (8th Cir. 1999); *Calvin Klein Cosmetics Corp. v. Parfums de Coeur, Ltd.*, 824 F.2d 665, 669 (8th Cir. 1987).  On the portions of Frye's motion that seek to have defendants obey the Constitution and meet the requirements of due process, this Court recommends that the motion be denied.

The remaining issues are whether defendants should be enjoined from retaliatory conduct and whether they should be directed to provide adequate medical care.  A court must exercise particular care when deciding whether an injunction should be granted against prison officials, and it must avoid an injunction that would unduly interfere with prison administration.  *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982).  To determine whether a preliminary injunction is appropriate, a court must consider (1) the threat of irreparable harm to the moving party; (2) the possibility that the moving party will succeed on the merits of the case; (3) the balance between the harm suffered by the moving party and the burdens imposed on the nonmoving party; and (4) the public interest.  *Emerson Elec. Co. v. Rogers*, 418 F.3d 841, 844 (8th Cir. 2005).  The moving party has the burden to establish that these factors favor issuance

of a preliminary injunction. *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).

For the first factor, irreparable harm, the moving party must show more than a mere possibility that a future violation will occur, but instead demonstrate a real danger of harm. *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995); *Rogers*, 676 F.2d at 1214. Frye has not explained, with any reasonable specificity, how he faces a current danger of retaliatory conduct from defendants. On the medical issues, Frye alleges that defendants currently are not offering adequate treatment for his chronic pain. Even assuming that Frye is suffering discomfort, there is no indication that Frye will be irreparably harmed.

For the second factor, the likelihood of success on the merits of the case, Frye relies on conclusory allegations. He has not otherwise supplied useful means to evaluate whether he will succeed on the merits. In particular, on his action under § 1983 for violation of the Eighth Amendment, Frye alleges that defendants knowingly and wantonly allowed him to suffer pain. But Frye has not disclosed what treatment he has received, or shown a causal connection between this treatment and his chronic pain. Under these circumstances, Frye's claim is susceptible to dismissal. *See Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999).

The third factor requires consideration of the balance between the harm to be prevented and the burdens to be imposed. As noted before, no appreciable risk of irreparable harm is present here. And Frye has not offered meaningful proof that would, under the fourth factor, implicate the public interest. When considered together, all four factors weigh against the issuance of a preliminary injunction. Thus on the remaining issues, whether defendants should be enjoined with respect to the allegations of retaliatory conduct and inadequate medical care, this Court again recommends that Frye's motion be denied.

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY**

**RECOMMENDED THAT** the motions for a temporary restraining order, or in the alternative, a preliminary injunction (Doc. Nos. 6, 15) are **DENIED.**

Dated this 20th day of January 2006.  s/Jeanne J. Graham

JEANNE J. GRAHAM
United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by February 9, 2006. A party may respond to the objections within ten days after service. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.