**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **Jeff Wayne Frye,** | Civil No. 05-1327 (JNE-JJG) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| **Minnesota Department of Corrections, et al.,** | |
| Defendants. | |

The above matter came before the undersigned on plaintiff Jeff Frye's motion for a temporary restraining order or a preliminary injunction (Doc. No. 81). This motion is referred to this Court for a Report and Recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1(c).

By two motions for injunctive relief filed on July 8 and August 1, 2005, Frye sought to enjoin the defendants from providing inadequate medical treatment, among other conduct. On January 23, 2006, this Court issued a report and recommended that these motions be denied. On February 15, 2006, Frye filed an objection to the report and recommendation, approximately two weeks after the deadline for this objection had passed. By an order on February 23, 2006, the district court adopted the report and recommendation.

While a final decision on the January 23 report and recommendation was pending, Frye proceeded with the current motion for a preliminary injunction. Because not all defendants had been served with this motion, this Court directed Frye to complete service in an order on January 31, 2006. By an affidavit filed on February 16, 2006, Frye complied with this order and served the motion, with accompanying papers, on all defendants.

In his current motion for a preliminary injunction, Frye revisits an issue from his prior motions, arguing that the defendants should be enjoined from providing inadequate medical treatment. In an affidavit accompanying his most recent motion, Frye alleges that earlier in his imprisonment, he received the narcotic

oxycodone as a treatment for chronic pain. Frye claims that prison staff provided deliberately indifferent medical treatment when they stopped administering oxycodone in May 2005. Frye also claims that prison staff were indifferent in their treatment of his leg ulcers. The affidavit offers few other details about Frye's medical treatment.

It is appropriate to take notice, however, of the documents Frye submitted with his objection to the January 23 report and recommendation. These documents reveal some additional details, not previously disclosed, about the medical treatment Frye received from prison staff. Prison medical records suggest that, since at least December 2004, prison staff had attempted several forms of treatment for the leg ulcers. There were concerns about narcotics abuse, although one counselor recommended against chemical abuse treatment for Frye. The records do not indicate what health risks, if any, are posed by failure to treat the leg ulcers.

A court may deny a motion for a preliminary injunction without a hearing, after taking all reasonable inferences from the submissions that favor the moving party, when the motion fails as a matter of law. *Cf. United Healthcare Ins. Co. v. AdvancePCS*, 316 F.3d 737, 745 (8th Cir. 2002). When deciding whether an injunction should be granted against prison officials, a court must avoid an injunction that would unduly interfere with prison administration. *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982).

To determine whether a preliminary injunction is appropriate, a court must consider (1) the threat of irreparable harm to the moving party; (2) the possibility that the moving party will succeed on the merits of the case; (3) the balance between the harm suffered by the moving party and the burdens imposed on the nonmoving party; and (4) the public interest. *Emerson Elec. Co. v. Rogers*, 418 F.3d 841, 844 (8th Cir. 2005). The moving party has the burden to establish that these factors favor issuance of a preliminary injunction. *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).

For the first factor, irreparable harm, the moving party must show real danger of harm. *See Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). Real danger means more than a possibility of harm. In the

context of medical treatment, there must be a meaningful risk that, due to the failure to provide acceptable medical care, an individual faces debilitating injury or death. *See Henderson v. Bodine Aluminum*, 70 F.3d 958, 960 (8th Cir. 1995) (granting injunction that required insurer to provide a commonly accepted treatment for cancer). If the moving party fails to present evidence of irreparable harm, then it is proper to deny a motion for injunctive relief. *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).

This Court will assume, solely for the sake of argument, that Frye is receiving inadequate treatment for pain or for his leg ulcers and is suffering discomfort as a result. Indeed this Court does not intend to minimize any discomfort Frye may be suffering. But there is no indication that this discomfort, by itself, poses a meaningful risk of injury to Frye. Without proof of irreparable harm, it is appropriate that Frye's motion for a preliminary injunction be denied.

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Frye's motion for a temporary restraining order (Doc. No. 81) be **DENIED.**

Dated this 10th day of April, 2006.                               s/Jeanne J. Graham

 

JEANNE J. GRAHAM
United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by April 28, 2006. A party may respond to the objections within ten days after service. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.