# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

**James Wayne Frye,**

    Plaintiff,

v.

**Minnesota Department of Corrections, et al.,**

    Defendants.

Civil No. 05-1327 (JNE-JJG)

**REPORT AND RECOMMENDATION**

The above matter came before the undersigned for resolution of dispositive motions. Plaintiff James Frye's moves for a preliminary injunction (Doc. No. 113). Defendant Gregory Lucas-Silvas moves to dismiss (Doc. Nos. 140, 141). These motions are referred to this Court for a Report and Recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1(c).

## A.

In his motion to dismiss, Mr. Frye (Frye) alleges that prison officials seized his papers in order to inhibit his litigation of this matter. As a result, he seeks a temporary injunction that would require prison officials to release the papers. Because a prisoner has a constitutional right of access his or her legal documents, prison officials may violate the Constitution by improperly seizing such documents. *See Robinson v. Ridge*, 996 F.Supp. 447, 449-50 (E.D.Pa. 1997).

Even though Frye raises a serious issue, the purpose of a preliminary injunction is to protect the plaintiff from harms alleged *in the complaint* while litigation is pending. Thus a plaintiff can only obtain a preliminary injunction in connection with injuries alleged in the complaint. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam).

The issue Frye raises in his motion for a preliminary injunction is unrelated to the issues he raised in his complaint. Assuming for the sake of argument that the seizure of his papers is unlawful, he cannot obtain a preliminary injunction.

**B.**

Dr. Lucas-Silvas (Lucas-Silvas) moves for dismissal for failure to state a claim. Frye was detained at the Hennepin County Jail from September to December 2003 and March to July 2004. According to his amended complaint, Frye received treatment from Lucas-Silvas during this time. Frye contends that Lucas-Silvas did not give him proper treatment for his leg ulcers and chronic pain.

On a motion to dismiss for failure to state a claim, the court ordinarily examines only those matters in the complaint, with all reasonable inferences taken in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004); *see also Enervations, Inc. v. Minnesota Mining & Mfg. Co.*, 380 F.3d 1066, 1068-69 (8th Cir. 2004) (applying dismissal standard when evaluating whether proposed amendments were barred by a statute of limitations). Dismissal is appropriate when the plaintiff fails to allege facts that support a cause of action as a matter of law. *Bohan v. Honeywell Int'l, Inc.*, 366 F.3d 606, 608 (8th Cir. 2004).

For an action under § 1983, based on a violation of the Eighth Amendment for failure to provide adequate medical care, the plaintiff must demonstrate that the defendant was deliberately indifferent the plaintiff's medical needs. *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2001). Deliberate indifference, however, cannot be based on a difference of opinion as to proper treatment, or on allegations that the medical treatment was negligent. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Bender v. Regier*, 385 F.3d 1133, 1137-38 (8th Cir. 2004). Where a plaintiff has received consistent treatment for a medical

condition such as chronic pain, and that plaintiff only complains that some other course of care is needed, there is no basis for a claim of deliberate indifference. *Jones v. Norris*, 310 F.3d 610, 611 (8th Cir. 2002) (dismissing action under § 1983, for deliberate indifference to medical needs in violation of the Eighth Amendment, as frivolous under the Prison Litigation Reform Act).

Even when all reasonable inferences are taken in his favor, Frye only challenges the course of treatment he received from Lucas-Silvas. Frye otherwise offers conclusory allegations that this care amounted to deliberate indifference. Although Frye argues that he did not receive appropriate care, and implies that Lucas-Silvas negligently disregarded his needs, there is no indication that this care reached the level of deliberate indifference. *See Jones*, 310 F.3d at 611. It is appropriate, therefore, for the claim against Lucas-Silvas to be dismissed.

## C.

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. Frye's motion for a preliminary injunction (Doc. No. 113) be **DENIED.**

2. Lucas-Silvas' motion to dismiss (Doc. Nos. 140, 141) be **GRANTED.**

3. Frye's claim against Lucas-Silvas be **DISMISSED WITH PREJUDICE.**

4. Lucas-Silvas' motion to amend (Doc. No. 178) be **DENIED AS MOOT.**

Dated this 13th day of June, 2006.          s/Jeanne J. Graham
                                            JEANNE J. GRAHAM
                                            United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by July 6, 2006. A party may respond to the objections within

ten days after service. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.