UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**James Wayne Frye,**

    Plaintiff,

v.

**Minnesota Department of Corrections, et al.,**

    Defendants.

Civil No. 05-1327 (JNE-JJG)

**REPORT
AND
RECOMMENDATION**

JEANNE J. GRAHAM, United States Magistrate Judge

    The above matter is before the undersigned for resolution of dispositive motions. Plaintiff James Frye is proceeding on his own behalf. He brings action under 42 U.S.C. § 1983 against forty defendants, regarding matters related to his recent incarceration in various Minnesota prisons.

    Thirty-three defendants are various officers and employees of the Minnesota Department of Corrections, which is also named as a defendant. These thirty-four defendants, the state defendants, are represented by Mark B. Levinger, Assistant Minnesota Attorney General. Four other defendants, Keith Krueger, Steven Craane, Peter Troedson, and Jenefer Southwick, provided medical services to Frye. These medical defendants are represented by Jeremy J. Sundheim, Esq. The remaining two are proceeding individually. Margaret Pederson is represented by Julie K. Bowman and Roberta C. Jones, Assistant Hennepin County Attorneys. Dave Anthony is represented by Kathryn R. Downey, Esq., and Michael S. Ryan, Esq.

    Mr. Frye has seven motions for default judgment (Doc. Nos. 118, 119, 120, 121, 136, 170, 171). The medical defendants move for summary judgment (Doc. No. 146). The medical defendants also move

for dismissal as a discovery sanction, and they are joined in this motion by Ms. Pederson and Mr. Anthony (Doc. No. 260). Motions to dismiss, or in the alternative for summary judgment, are advanced by the state defendants (Doc. No. 278), by Ms. Pederson (Doc. No. 289), and by Mr. Anthony (Doc. No. 275).

## I. BACKGROUND

Mr. Frye (Frye) commenced this litigation on July 5, 2005. He filed an amended complaint on October 20, 2005, and the parties do not contest that this complaint is controlling here. Frye's claims may be framed into five areas as follows:

(1) The defendants violated the Eighth Amendment by deliberately disregarding certain medical needs, through mistreatment of his leg ulcers and failure to provide effective chronic pain management.

(2) The defendants violated due process by imposing retaliatory discipline, and by doing so, improperly denied access to certain work assignments and lower-security prison facilities.

(3) The defendants violated the Eighth Amendment by keeping substandard conditions of confinement in the segregation unit, because of excessive heat and insufficient ventilation.

(4) The defendants violated the First Amendment and denied his freedom of speech by placing him in segregation.

(5) The defendants violated the Fourth Amendment through improperly seizing his legal paperwork.

The facts relevant to each of these claims will be examined in greater detail in the context of analysis below.

Some recent developments in this case merit further comment. By an order on August 29, 2006, the district court denied Frye's motion for a preliminary injunction, among other concerns. Frye noticed

an appeal of this decision on September 13, 2006. Frye was released from prison on October 16, 2006. (Exh. 1 at 1.)[1]  In a notice of change of address he filed on November 16, 2006, Frye supplied an address in Maplewood. He has not filed any papers, and evidently has done nothing further to prosecute this action, since November 30, 2006.

To obtain discovery from Frye in early November 2006, some defendants attempted to serve him personally at the Maplewood address. They discovered that he did not reside there and that it was actually his mother's residence. (Exh. 2.) Because he has not supplied the address for his current residence, it is not possible to determine whether Frye has received any orders or motion papers that have been filed since this time. This problem is not the fault of either the defendants or this Court, however, and it does not prevent a ruling on the merits of issues presented in the current dispositive motions.

By an order on December 21, 2006, this Court directed the defendants to provide Frye with certain written discovery. Because of the lateness of this discovery, this Court extended the period for Frye to respond to dispositive motions, to February 16, 2006. This Court was not aware, at the time, that Frye had not provided an accurate address. It is possible Frye did not receive this order and was not advised of his time to respond. As will be noted below, Frye has not responded to any of the currently pending dispositive motions from the defendants.

Regarding the notice of appeal filed on September 13, 2006, the Clerk's file in this matter was transmitted to the Eighth Circuit on March 1, 2007. By a summary order on July 24, 2007, the Eighth Circuit dismissed the appeal for failure to prosecute.

---

[1] Exhibits are cited in an appendix at the end of this report and recommendation.

3

Prior to a final judgment, a party may appeal an order that grants or denies an injunction. 28 U.S.C. § 1291(a)(1); *Elnashar v. Speedway SuperAmerica, LLC*, 446 F.3d 796, 798 (8th Cir. 2006). Such an appeal divests a district court of jurisdiction over the matters raised by the appeal, but the district court retains jurisdiction over all other matters. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam); *United States v. Queen*, 433 F.3d 1076, 1077 (8th Cir. 2006). So an appeal from an order regarding an injunction does not stay other proceedings before the district court, *Janousek v. Doyle*, 313 F.2d 916, 920 (8th Cir. 1963), and does not prevent the district court from deciding the litigation on its merits, *West Publishing Co. v. Mead Data Ctr., Inc.*, 799 F.2d 1219, 1229 (8th Cir. 1986).

Consistent with the litigation activity of the parties, and this Court's order of December 21, Frye had an obligation to respond to the defendants' motions. Regardless of the intervening appeal, this litigation continues to go forward, and this Court may recommend a ruling on the merits.

## II.   ANALYSIS

### A.   Standards of Review

The defendants' motions primarily request dismissal for failure to state a claim, or in the alternative, summary judgment. Depending on the context of the defendants' arguments, it may be necessary to consider the standard of review for either form of relief.

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim where the allegations in the complaint are so deficient that they provide no cause for relief. *Quinn v. Ocwen Federal Bank FSB*, 470 F.3d 1240, 1244 (8th Cir. 2006). When considering this question, a court shall only

examine the complaint, taking all reasonable inferences in favor of the nonmoving party. *Moses.com Securities, Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1062 (8th Cir. 2005).

Under Rule 56, a defendant may move for summary judgment by showing, on the basis of evidence set out through affidavits, that there are no issues of material fact and that it is entitled to judgment as a matter of law. *Meterlogic, Inc. v. KLT, Inc.*, 368 F.3d 1017, 1018 (8th Cir. 2004). This relief is appropriate where a reasonable juror, presented with the evidence in the affidavits, could only return a verdict for the moving party. When a court considers this question, it also takes all reasonable inferences for the nonmoving party. *See Singletary v. Missouri Dep't of Corrections*, 423 F.3d 886, 790 (8th Cir. 2005).

Some of the defendants argue, because Frye has not responded to their dispositive motions, they are entitled to relief in their favor. Mr. Anthony (Anthony) specifically cites Rule 56(e), which provides that where a party does not oppose summary judgment, it "shall be entered" against that party. Though Frye fails to present evidence opposing summary judgment, it is still appropriate to address the merits of these motions. *See Canada v. Union Elec. Co.*, 135 F.3d 1211, 1213 (8th Cir. 1997).

### B. Eleventh Amendment

At the threshold, the state defendants raise an argument regarding sovereign immunity. They correctly note, under this principle as recognized under the Eleventh Amendment, a person cannot bring suit for damages against a state in federal court. This means that a person cannot bring action for damages under § 1983 against state agencies, or against state officials in their official capacity. *Morstad v. Dep't of Corrections & Rehabilitation*, 147 F.3d 741, 743 (8th Cir. 1998); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995).

This immunity, however, does not bar a prisoner from seeking prospective, equitable relief in federal court under § 1983 against state officials in their official capacity. Nor does it prevent a prisoner from bringing such an action against state officials in their individual capacity. Thus where a prisoner alleges in the complaint that an action is against state officials in both their personal and individual capacities, there is not cause to dismiss under the Eleventh Amendment. *See Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997); *Williams-Bey v. Kempker*, 192 Fed.Appx. 569, 571 (8th Cir. 2006).

In his complaint, Frye names one state agency as a defendant, the Minnesota Department of Corrections. All other defendants are named in both their official and individual capacities. Thus to the extent that Frye brings action for damages against the Department, or against the defendants in their official capacity, it is barred by sovereign immunity. These matters may be dismissed for this reason.

Even though the state defendants prevail on this argument, it does not limit the claims against the defendants for prospective relief, or claims for damages against the defendants in their individual capacities. Because this result results in surviving claims against all the defendants in this matter, it is necessary to continue with an analysis on the merits.

### C.    Color of State Law

In an argument unique to him alone, Anthony contends that because he was not acting under color of state law, Frye fails to state a claim against him under § 1983. As Anthony correctly notes, the statute only allows action against those who act under color of state law. But this rule has two exceptions.

A private actor may be held liable where that person, under cover of state law, performs a function traditionally and exclusively reserved for the state. *Reasonover v. St. Louis County*, 447 F.3d 569, 584

(8th Cir. 2006). A private actor may also be held liable where that person engages in concerted action with state actors. *Young v. Harrison*, 284 F.3d 863, 870 (8th Cir. 2002).

In his complaint, Frye alleges Anthony was employed in Minnesota prisons, as a supervisor of food service operations, and that he acted under color of state law. Frye subsequently adds, in summary fashion, that Anthony conspired with other prison officials to deny him due process. In the memorandum accompanying his motion to dismiss or for summary judgment, Anthony claims that he was employed by a private firm to provide food service at the prison, and that there is no evidence he conspired with any prison officials.

Taking all reasonable inferences from the complaint, it sufficiently alleges that Anthony was employed in a Minnesota prison, and thus he acted under color of state law. Frye does not fail to state a claim against Anthony for this reason. Though Anthony claims that he was a private actor and that he did not conspire with prison officials, such allegations are not presented by affidavits, as required by a motion for summary judgment. So Anthony cannot obtain summary judgment on this basis.

### D. Constitutional Violations

The defendants variously argue that, as Frye has not shown violations of his constitutional rights, he has no action under § 1983.[2] As this Court previously suggested, these claims may be framed into five areas as follows.

---

[2] The state defendants frame their arguments in the context of qualified immunity. Where the record shows that a defendant violated a constitutional right, but that it would not be clear to a reasonable officer in the place of a defendant that the conduct was unlawful, this immunity bars suit under § 1983. Because the following analysis turns entirely on the issue of whether constitutional violations occurred, it is not necessary to conduct a full analysis of qualified immunity. *See Flowers v. City of Minneapolis*, 478 F.3d 869, 872 (8th Cir. 2007).

### 1.     Deliberate Disregard

Frye claims that the defendants violated the Eighth Amendment by deliberately disregarding his medical needs. The medical defendants seek summary judgment against this claim, which would fully dispose of Frye's claims against them. Ms. Pederson, who allegedly treated Frye while he was in a Hennepin County jail, raises similar arguments in a separate motion to dismiss for failure to state a claim. The state defendants seek dismissal for failure to state a claim or summary judgment. As they generally had no role in Frye's medical treatment, their arguments echo those of the medical defendants.

Frye alleges the defendants did not take adequate steps to treat his leg ulcers or to manage his chronic pain. He does not meaningfully explain these issues in his complaint, except to suggest that some other course of treatment is appropriate. The defendants' affidavits show that he received ongoing care and attention for these concerns, and that this treatment did not adversely affect his prognosis. (Exh. 3 at 2-6; Exh. 4 at 2; Exh. 5 at 2-4; Exh. 6 at 2-3; Exh. 7 at 2; Exh. 8.)

In this litigation, this issue was previously considered on a motion to dismiss by defendant Gregory Lucas-Silvis. By a report on June 16, 2006, this Court recommended that this motion be granted. Because Frye received ongoing care and expressed no more than a difference of opinion as to the course of treatment, this Court reasoned there was no deliberate indifference. The district court adopted this ruling by an order on August 29, 2006.

That reasoning is equally applicable to the other defendants' motions. Where a prisoner has received consistent treatment for a condition such as chronic pain, and the prisoner only complains some other care is needed, there is no deliberate indifference that would indicate a violation of the Eighth

Amendment. *Jones v. Norris*, 310 F.3d 610, 611 (8th Cir. 2002). It is appropriate, therefore, for the defendants' motions to dismiss or for summary judgment to be granted on this claim.

### 2. Retaliatory Discipline

Frye asserts that the defendants took various actions against him, in violation of due process, by fabricating grounds for discipline. He argues that, as a result of these false charges, he was denied access to minimum-security prison facilities and was not allowed certain work assignments.

As the defendants correctly note, where a violation of due process is founded on retaliatory discipline, a prisoner must show prison officials imposed discipline even though the prisoner did not commit a violation. So long as prison officials show some evidence that disciplinary sanctions were based on an actual rule violation, a retaliatory discipline claim fails as a matter of law. *Moore v. Plaster*, 313 F.3d 442, 444 (8th Cir. 2002).[3]

The record indicates that, for the term of imprisonment at issue in this litigation, discipline was imposed against Frye on five occasions. (Exh. 9.) For three of these incidents, Frye pleaded guilty to the charges and has not challenged these pleas in any way, so he waived any challenge to these charges. *Cf. Macia v. Williamson*, 219 Fed.Appx. 229, 233 (3d Cir. 2007). (Exhs. 10, 11, 12.) The other two incidents, however, require some additional scrutiny.

---

[3] Relying on the decision of the U.S. Supreme Court in *Heck v. Humphrey* and its progeny, the state defendants argue that Frye must prevail on a writ of habeas corpus before asserting his claim for retaliatory discipline under § 1983. 512 U.S. 477 (1994). The rule of *Heck* only applies where the discipline extends the term of imprisonment. Frye did not receive such discipline here, and so this rule is inapposite. *See Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996). (Exh. 1 at 2; Exh. 9.)

One involved charges of abuse and harassment of prison staff. After receiving reports that Frye was using disparaging language in grievances to prison staff, an associate warden directed Frye to use appropriate language, by a note on June 1, 2005. (Exh. 13 at 2.) Other written grievances from early July 2005 show that Frye continued to use abusive language. (Exhs. 14, 15.) Because the record shows some evidence of harassment, this incident does not provide a basis for a claim of retaliatory discipline.

The other incident involved refusal to perform assigned work duties. According to records of this incident, Frye was assigned to a cleaning detail on June 9, 2005. Frye refused to perform this duty, purportedly because his medical condition prevented him from doing so. (Exh. 16.) At the disciplinary hearing and in his ensuing appeal, Frye did not dispute his refusal to work, but instead argued that prison staff failed to recognize his medical condition. (Exhs. 17, 18.) Even though some facts are in question, there remains some evidence to support the decision to impose discipline, and this incident also does not provide a basis for a claim of retaliatory discipline.

Frye alleges in part that discipline was imposed in order to prevent his transfer to a minimum-custody facility and to deny him access to certain work assignments. As noted by Anthony and the state defendants, a prisoner ordinary has no right to placement in a particular prison facility, and so this concern cannot constitute a violation of due process. *Moorman v. Thalacker*, 83 F.3d 970, 972 (8th Cir. 1996). The same is also true when prison officials decide appropriate programming, such as work assignments, for prisoners in their custody. *Callender v. Sioux City Residential Treatment Facility*, 88 F.3d 666, 668 (8th Cir. 1996).

Because the record shows prison officials imposed discipline on the basis of some evidence, Frye cannot assert a violation of due process for reasons of retaliatory discipline. And to the extent he suggests

10

n/a

discipline was imposed to prevent transfer or to deny work assignments, these concerns do not involve interests where the protections of due process attach. The defendants are accordingly entitled to summary judgment on the due process claims.

### 3. Conditions of Confinement

Frye also claims that, because of excessive heat and insufficient ventilation in the segregation unit, the conditions of confinement there violate the Eighth Amendment. As a general matter, this amendment requires prison officials to provide humane conditions, including adequate shelter. To establish a violation, the prisoner must show the denial of minimal necessities of life, and that prison officials deliberately disregarded a risk of serious harm from this denial. *Simmons v. Cook*, 154 F.3d 805, 807 (8th Cir. 1998).

This claim is directed at the state defendants, who offer little analysis on this point. They do not deny that the segregation unit is not air conditioned, and that it can become uncomfortable in the summer months. But they assert that the ventilation is adequate and that these conditions have not caused medical issues or other harm. (Exh. 19.)

Even taking all reasonable inferences taken in Frye's favor, this record does not show that prison officials deliberately disregarded a risk of serious harm. To establish this disregard, there must be some indication that prison officials knew Frye was suffering injury or medical distress. The record lacks evidence on this point, and therefore, it is appropriate to grant summary judgment as to this claim. *See Murray v. Benson*, 221 F.3d 1343, 2002 WL 960937 at *2 (8th Cir. 2000) (mem.).

discipline was imposed to prevent transfer or to deny work assignments, these concerns do not involve interests where the protections of due process attach. The defendants are accordingly entitled to summary judgment on the due process claims.

### 3. Conditions of Confinement

Frye also claims that, because of excessive heat and insufficient ventilation in the segregation unit, the conditions of confinement there violate the Eighth Amendment. As a general matter, this amendment requires prison officials to provide humane conditions, including adequate shelter. To establish a violation, the prisoner must show the denial of minimal necessities of life, and that prison officials deliberately disregarded a risk of serious harm from this denial. *Simmons v. Cook*, 154 F.3d 805, 807 (8th Cir. 1998).

This claim is directed at the state defendants, who offer little analysis on this point. They do not deny that the segregation unit is not air conditioned, and that it can become uncomfortable in the summer months. But they assert that the ventilation is adequate and that these conditions have not caused medical issues or other harm. (Exh. 19.)

Even taking all reasonable inferences taken in Frye's favor, this record does not show that prison officials deliberately disregarded a risk of serious harm. To establish this disregard, there must be some indication that prison officials knew Frye was suffering injury or medical distress. The record lacks evidence on this point, and therefore, it is appropriate to grant summary judgment as to this claim. *See Murray v. Benson*, 221 F.3d 1343, 2002 WL 960937 at *2 (8th Cir. 2000) (mem.).

### 4. Improper Search and Seizure

Frye asserts two other constitutional violations. The defendants do not address these claims in their dispositive motions. But where the complaint fails to state a claim, a court may dismiss on its own initiative. *Martin-Trigona v. Stewart*, 691 F.2d 856, 858 (8th Cir. 1982). If a nonmoving party has adequate notice, a court may also grant summary judgment in the same way. *Advantage Consulting Group, Inc. v. ADT Security Sys., Inc.*, 306 F.3d 582, 588 (8th Cir. 2002). In the interest of a complete disposition of the complaint, this Court deems it appropriate to examine the remaining claims on their merits.

Frye alleges that prison officials violated the Fourth Amendment, and intimates that they may have violated due process, by improperly seizing legal papers from him. The complaint lacks any allegations that would substantiate this claim.

The protections of the Fourth Amendment does not apply to searches of, and seizures from, prison cells. *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). The seizure of a prisoner's legal papers by prison officials does not violate due process unless the seizure caused prejudice to the prisoner in a legal proceeding. *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). Frye has not made allegations in his complaint that satisfy this standard. He accordingly fails to state a claim based on an improper search and seizure.

### 5. Freedom of Speech

Frye has one other claim, in which he alleges the defendants violated his right to freedom of speech under the First Amendment. From the complaint, it appears that this claim arises out of the same circumstances as those for retaliatory discipline, as described beforehand.

Prison officials may, consistent with the First Amendment, require prisoners to be respectful and nonabusive in communications with prison officials and employees. *Goff v. Dailey*, 991 F.2d 1437, 1439 (8th Cir. 1993). So it may be inferred that, where a prisoner alleges that prison officials inhibited First Amendment rights by imposing retaliatory discipline, the analysis is like that for due process: whether cause for such discipline was founded on some evidence. *Cf. Leonard v. Nix*, 55 F.3d 370, 373 (8th Cir. 1995); *Goff*, 991 F.2d at 1439.

The record shows that prison officials directed Frye to be respectful to prison officials, but he did not do so. (Exh. 13 at 2; Exh. 14; Exh. 15.) No First Amendment interests were violated by this direction. To the extent Frye alleges retaliatory discipline, prison officials had some evidence on which to impose discipline, as this analysis noted beforehand. So just as summary judgment was appropriate in that context, the same result must be reached here.

### E.    Other Motions

Some defendants move for dismissal as a discovery sanction. Because Frye has not answered written discovery or appeared for deposition, they argue, dismissal is appropriate. This Court has already concluded that it is appropriate to dismiss on the merits, either for failure to state a claim or on summary judgment. So to the extent that the defendants seek dismissal as a discovery sanction, the motion may be appropriately denied as moot.

Frye also has several motions for default judgment against certain defendants. These motions were based on these defendants' purported failure to appear. Since these motions, however, all the defendants have appeared through counsel. Frye has had an opportunity to conduct discovery against these defendants and to establish his claims against them. Given the general policy against default, and that the

parties have had a fair opportunity to litigate, it is not suitable to consider default. As the defendants have otherwise shown they are entitled to a judgment on the merits, the motions for default are appropriately denied as moot.

### III. CONCLUSION

Frye has not opposed the defendants' dispositive motions in this matter, and these motions may be granted for this reason.

The defendants have shown that he does not state a claim for deliberate indifference to his medical needs in violation of the Eighth Amendment. The medical defendants have shown that they are entitled to summary judgment on the same grounds.

Frye was disciplined on the basis of some evidence, and the sanctions against him did not implicate due process interests. The defendants are entitled to summary judgment, therefore, on his due process claims.

As conditions of confinement in the segregation unit did not cause injury or medical distress, the record also fails to establish a violation of the Eighth Amendment in this context, and the state defendants are appropriately granted summary judgment on this claim as well.

Frye does not state a claim for violation of the Fourth Amendment. On reasoning consistent with the due process claim, it is appropriate for summary judgment to be granted against his claim under the First Amendment. Although the defendants have not sought this relief, it may be granted at the court's initiative.

For these reasons, this Court recommends that the defendants' motions to dismiss, or in the alternative for summary judgment, be granted; and consistent with this result, that all claims in this matter

be dismissed with prejudice. To the extent the defendants move for dismissal as a discovery sanction, or that Frye moves for default judgment, these motions may be denied as moot.

## IV. RECOMMENDATION

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. Frye's motions for default judgment (Doc. Nos. 118, 119, 120, 121, 136, 170, 171) be **DENIED AS MOOT.**

2. The medical defendants' motion for summary judgment (Doc. No. 146) be **GRANTED.**

3. The motion by the medical defendants, Pederson, and Anthony for dismissal as a discovery sanction (Doc. No. 260) be **DENIED AS MOOT.**

4. Anthony's motion to dismiss, or in the alternative, for summary judgment (Doc. No. 275) be **GRANTED.**

5. The state defendants' motion to dismiss, or in the alternative, for summary judgment (Doc. No. 278) be **GRANTED.**

6. Pederson's motion to dismiss, or in the alternative, for summary judgment (Doc. No. 289) be **GRANTED.**

7. All claims in this matter be **DISMISSED WITH PREJUDICE.**

8. This litigation be dismissed in its entirety and judgment entered.

Dated this 3rd day of August, 2007.          s/Jeanne J. Graham

                                             JEANNE J. GRAHAM
                                             United States Magistrate Judge

## NOTICE

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by August 22, 2007. A party may respond to the objections within ten days after service. Any objections or responses filed under this rule shall not exceed 3,500 words. The District Court shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.

## APPENDIX

| | |
|---|---|
| Exh. 1 | Aff. of S. Strom, Dec. 14, 2006. |
| Exh. 2 | Aff. of K. Downey, Nov. 27, 2006, Exh. E (Aff. of T. Quinn, Nov. 27, 2006). |
| Exh. 3 | Aff. of S. Craane, Apr. 28, 2006. |
| Exh. 4 | Aff. of K. Krueger, May 1, 2006. |
| Exh. 5 | Aff. of J. Southwick, Apr. 28, 2006. |
| Exh. 6 | Aff. of A. Troedson, May 1, 2006. |
| Exh. 7 | Aff. of D. Paulson, Dec. 14, 2006. |
| Exh. 8 | Aff. of D. Paulson, Dec. 14, 2006, Exh. 2 (Memo. of D. Paulson, Aug. 19, 2005). |
| Exh. 9 | Aff. of S. Strom, Dec. 14, 2006, Exh. 4 (Discipline History Report, Sept. 14, 2006). |
| Exh. 10 | Aff. of M. Smith, Dec. 14, 2006, Exh. 2 (Waiver, Mar. 28, 2005). |
| Exh. 11 | Aff. of S. Strom, Dec. 14, 2006, Exh. 7 (Waiver, June 27, 2005). |
| Exh. 12 | Aff. of S. Strom, Dec. 14, 2006, Exh. 8 (Waiver, July 19, 2005). |
| Exh. 13 | Aff. of S. Strom, Dec. 14, 2006, Exh. 5 pt. 1 (Grievance Report, June 2, 2005). |
| Exh. 14 | Aff. of S. Strom, Dec. 14, 2006, Exh. 5 pt. 2 (Kite, June 8, 2005). |
| Exh. 15 | Aff. of S. Strom, Dec. 14, 2006, Exh. 5 pt. 2 (Kite, June 7, 2005). |

Exh. 16     Aff. of S. Strom, Dec. 14, 2006, Exh. 6 (Notice of Violation, June 9, 2005).

Exh. 17     Aff. of S. Strom, Dec. 14, 2006, Exh. 6 (Findings, June 24, 2005).

Exh. 18     Aff. of S. Strom, Dec. 14, 2006, Exh. 6 (Appeal, June 17, 2005).

Exh. 19     Aff. of K. Korbel, Dec. 13, 2006.